**Benny L. LYLES, Petitioner,**

v.

**U.S. POSTAL SERVICE, Respondent.**

**No. 82–4358**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 11, 1983.

ana, sitting by designation.

Frank P. Hernandez, Dallas, Tex., for petitioner.

Stephen E. Alpern, Washington, D.C., John G. Hollingsworth, Jr., Postal Serv., Memphis, Tenn., Charles D. Cabaniss, Asst. U.S. Atty., Dallas, Tex., for respondent.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

The ultimate issue on this appeal is whether the Merit Systems Protection Board erred in holding that it lacked jurisdiction to hear a postal employee's appeal of an adverse disciplinary action by his employer, the Postal Service. The Board found it lacked jurisdiction of the employee's appeal from a suspension because the effective total suspension at the time of its ruling was only for 14 days. We affirm the Board's ruling.

The issue arises in the context of the statutory scheme provided by the Civil Service Reform Act of 1978, 5 U.S.C. §§ 1101 et seq. As to disciplinary actions against employees: (a) suspensions for 14 days or less are reviewable only by agency hearings without further review (except for a limited exemption not here applicable), 5 U.S.C. §§ 7501–04, 5 C.F.R. §§ 752.201–752.203; (b) whereas, for suspensions for more than 14 days (as well as for removals and reductions in pay or grade), an aggrieved employee is entitled to appeal to the Merit Systems Protection Board, 5 U.S.C. §§ 7511–7514, 5 C.F.R. §§ 1201.1–1201.118, as well as (if dissatisfied with the final order of the Board) to judicial review, 5 U.S.C. § 7703, 5 C.F.R. § 1201.118.

The petitioner Lyles, the postal employee, contends that the Board erred as a matter of law because, in fact, arising out of the same incident (an alleged threat to a postal supervisor) he had been subjected to two consecutive suspensions, one of 8 days, and a subsequent one of 14 days, thus totalling a 22-day suspension that was within the Board's jurisdiction.

We are unable to disagree with Lyles' legal premise that a governmental agency employer may not escape Board review of a disciplinary action by splitting the punishment for the same offense into two suspensions, each of less than 14 days, but totalling more than the 14 days required for Board reviewability of the agency's exercise of its disciplinary powers. However, under the Board's factual findings in this case, supported by substantial evidence, there was in fact only one 14-day suspension.

The facts show:

On February 11, 1982, Lyles was suspended without pay under a provision permitting such emergency suspension where the employee may be injurious to himself or others. The purpose was to investigate an

alleged telephone threat made by him to a postal supervisor. After eight days' loss of pay, Lyles was permitted to return to work, with a notification that he would be suspended from February 27 to March 12, 1982 (14 days in all), because of the investigatory finding that he had made a telephone threat to a supervisor.

On March 1, 1982, Lyles filed his appeal to the Board, complaining that he had been suspended without pay for 22 days. On March 17, while the appeal was pending, the Postal Service was ordered under grievance procedures, to pay Lyles for his loss of 8 days' pay on the initial emergency suspension, "[w]ithout prejudice to either party on any subsequent discipline arising from the instant case." The Postal Service then moved that the appeal before the Board be dismissed, since it no longer had appellate jurisdiction—there remaining only a total suspension of 14 days without pay that was now the subject of Lyles' appeal. Lyles had been advised by the Board that there was a jurisdictional issue and had been provided further opportunity to show jurisdiction, but he made no further offering.

On April 17, 1982, the hearing officer for the Board held that it had no jurisdiction to hear the appeal, in the light of the uncontroverted evidence that the earlier 8-day suspension had been cancelled without past or future consequence, so that the total suspension did not exceed 14 days. Lyles' appeal was therefore dismissed, a ruling upheld by the Board upon further administrative review.

Judicial review of the Board's action (except in cases of alleged discrimination) is statutorily limited, for the Board's action, findings, or conclusions may not be set aside unless

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence[.] 5 U.S.C. § 7703(c). Further, "administrative interpretations of statutory terms are given important but not controlling significance." *Batterton v. Francis*, 432 U.S. 416, 424, 97 S.Ct. 2399, 2405, 53 L.Ed.2d 448 (1977).

The Board interprets the regulation, 5 C.F.R. § 1201.3(a)(3), limiting its appellate jurisdiction to review of agency disciplinary actions based on "suspensions for more than 14 days", as to confer jurisdiction upon it only when the effective suspension complained of is of more than 14 days.[1] In the Board's view, the previous emergency 8-day suspension, which was cancelled without past or future consequence and for which the employee was awarded full back pay, is of no significance for purposes of Board review of adverse administrative action, since in fact the employee Lyles had no further right to relief as to it at the time the Board dismissed his appeal.

The Board's factual finding that only one effective 14-day suspension is now at issue is supported by substantial evidence. Its interpretation of the regulation is consistent with its wording and with the statutory provisions under which prescribed, 5 U.S.C. §§ 7511–14. Relevantly, as to suspensions, the statutory provisions provide Board review only for those of more than fourteen days—contrary to the distinctly different merely intra-agency review provided for "a suspension for 14 days or less", 5 U.S.C. § 7502, that is separately regulated by 5 U.S.C. §§ 7501–04. We are thus unable to find the Board's action in dismissing the employee's appeal to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", 5 U.S.C. § 7703(c)(1), so as to be subject to reversal on judicial review.

Accordingly, we AFFIRM the Board's ruling that dismissed the petitioner Lyles' appeal to it.

AFFIRMED.

1. The regulation was prescribed pursuant to Congressional authorization, 5 U.S.C. §§ 7513(a), 7514, to regulate suspensions for more than 14 days, § 7512(2) and other more serious disciplinary actions regulated by 5 U.S.C. §§ 7511–14.